ROBERT CLEGG, PLAINTIFF IN ERROR, v. SCHOOL DISTRICT No. 56 OF RICHARDSON COUNTY, DEFENDANT IN ERROR.

**Constitutional Law.** The act of February 2, 1875, entitled " An act authorizing school district No. 56 of Richardson county to issue bonds for the purpose of erecting a school building, procuring a site therefor, and setting aside funds to pay the same " [Laws, 1875, p. 281], being repugnant to Sec. 1, of Art. VIII of the constitution of 1866, is void.

ERROR from the district court for Richardson county.

*R. Clegg*, pro se.

*George P. Uhl*, for defendant in error.

COBB, J.

This action was brought for the contents of a coupon or interest warrant, cut from one of the bonds issued and sold by the defendant, school district No. 56, in Richardson county, under the provisions of an act of the legislature, approved February 2, 1875, entitled "An act authorizing school district No. 56, of Richardson county, to issue bonds for the purpose of erecting a school building, procuring a site therefor, and setting aside funds to pay the same." Laws, 1875, p. 281.

The defendant by answer set up several grounds of defense, to which the plaintiff demurred. The district court overruled the demurrer and rendered judgment

Clegg v. School District.

in favor of the defendant. The plaintiff brings the case to this court by petition in error. The points are presented by stipulation.

The first and principal one and the only one which it is deemed necessary to pass upon is as to the constitutionality of the said act of the legislature under which the said bonds and coupon were issued. Sec. 1, of Art. VIII of the constitution then in force, is as follows: "The legislature shall pass no special act conferring corporate powers."

It cannot be doubted that the act in question is a special act. It relates exclusively to school district No. 56, in Richardson county. None of its provisions apply, or are intended to apply to any other district or subdivision of the state, or the people thereof. It was published only as a special law.

It is equally clear that the powers intended to be conferred by said act—that of issuing bonds, to be binding upon, and the principal and interest thereof to be paid by the said district—are corporate powers within the meaning of the said section of the constitution.

It was evidently the intention of the framers of the constitution to put an end to an universally admitted and then growing evil, that of local and special legislation, in all cases where the beneficial results of such legislation could be reached by general laws, and they thereby adopted a policy which it is the duty of this court to uphold.

The said act of February 2, 1875, being clearly repugnant to the above quoted provision of the constitution, conferred no power on the district to issue bonds. Their issue by it was *ultra vires,* and the coupon sued on is void.

The record in this case does not contain the data necessary to enable this court to determine whether the said district was or was not authorized to issue the

said bonds under the provisions of either of the two general acts approved February 25, 1875. [Laws 1875, p. 118]. And as the plaintiff alleges in his petition that the coupon sued on was issued under and by virtue of the act of February 2, the provisions of neither of the first named acts are considered. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.